UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MILKO VILOMAR BORGE,

                                  Petitioner,

    v.                                                9:22-CV-1072
                                                         (DNH/ATB)

D. CHRISTENSEN, Warden,

                                  Respondent.
_____

MILKO VILOMAR BORGE, Petitioner, pro se
EMER M. STACK, AUSA, for the Respondent

ANDREW T. BAXTER, U.S. Magistrate Judge

## REPORT-RECOMMENDATION

     This matter has been referred to me for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). Presently before this court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Petition ("Pet.")) (Dkt. No. 1). In seeking a writ of habeas corpus, petitioner argues that he is being held in the "wrong level of security," and as a result, petitioner is being housed in a facility that is not equipped to provide him appropriate medical care for his condition. (Pet. at 6; Dkt. No. 1-1).[1]

     Respondent has filed a response, with exhibits, to the petition. (Response ("Resp.")) (Dkt. No. 7). Respondent argues for denial of the petition, claiming that (1) petitioner failed to exhaust his administrative remedies before filing a lawsuit in federal

---

[1] Citations to the filings in this case refer to the pagination generated by CM/ECF, the court's electronic filing system.

court, and (2) even if petitioner had properly exhausted his administrative remedies, his claim is meritless and not a cognizable basis for habeas relief. (*Id.*) Petitioner did not file a traverse. For the following reasons, the court concludes that the petition is moot and should be dismissed for lack of subject matter jurisdiction.

## DISCUSSION

I. **RELEVANT BACKGROUND**

On April 4, 2019, petitioner was sentenced in the United States District Court for the District of Puerto Rico to a 120-month term of imprisonment, to be followed by five years of supervised release, for conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(B), and 963. (Pet. at 1). *See also United States v. Borge*, Criminal Case No. 3:17-CR-205 (D.P.R.), Dkt. No. 238. At the time that his petition was filed, petitioner was serving his sentence at FCI Ray Brook.

Petitioner alleges to live with a medical condition called Benign Lipomatous Neoplasm, which developed more than 20 years prior to his current federal conviction. (Dkt. No. 1-2 at 9). Due to this condition, plaintiff has "multiple scattered lipoma type nodules on [his] arms and torso." (*Id.*). In the instant petition, petitioner contends that the "lumps all over his body" due to this condition are "painful, large, massive and tender to the touch." (Dkt. No. 1-1 at 2). He claims that as a result of "disproportionate staff shortages," and the fact that there "is no physician [at] FCI Ray Brook," he is placed at a "great risk of death." (*Id*. at 3-4). Petitioner claims that he is not being treated fairly "because he is [a]n illegal[.]" (*Id*. at 4). Petitioner's argument focuses on challenging the conditions of his confinement, particularly that FCI Ray Brook, a

2

"medium level institution," is not "equipped to handle his medical condition." (Pet. at 6; Dkt. No. 1-1 at 2).

Sometime after commencing his Section 2241 action in this court, petitioner was transferred to FCI Loretto, a federal correctional institute located in Pennsylvania. *See* https://www.bop.gov/inmateloc/ (last accessed December 3, 2023).

## II. LEGAL STANDARDS

"Article III, Section 2 of the Constitution limits the jurisdiction of the federal courts to the resolution of 'cases' and 'controversies.' " *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (quotation marks omitted). "This limitation is 'founded in concern about the proper - and properly limited - role of the courts in a democratic society.' " *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "A case becomes moot when it no longer satisfies the 'case-or-controversy' requirement of Article III[.] . . . In order to satisfy this requirement, the petitioner must, at all stages of the litigation, have suffered, or be threatened with, an actual injury which is likely to be redressed by a favorable judicial decision." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 51 (2d Cir. 2004). "When the issues in dispute between the parties are no longer 'live,' a case becomes moot, . . . and the court -- whether trial, appellate, or Supreme -- loses jurisdiction over the suit, which therefore must be dismissed." *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005) (quotation marks and citations omitted).

## III. ANALYSIS

Petitioner filed the instant Section 2241 habeas petition while he was incarcerated at FCI Ray Brook, challenging the deficient medical care provided to him at that

facility, where he is no longer incarcerated. The petition specifically seeks, and is limited to,² injunctive relief, in the form of an order "plac[ing petitioner] in the proper level of security, where [he] can receive the appropriate and necessary medical attention for his medical condition," because "FCI Ray Brook does not offer appropriate medical staff[.]" (Pet. at 7). Admittedly, petitioner properly brought his petition in this court when it was filed. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a [section] 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *United States v. Smalling*, 644 F. App'x 3, 5 (2d Cir. 2016) (same (citing *Rumsfeld*, 542 U.S. at 447)); *Jabarah v. Garcia*, No. 08-CV-3592, 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) ("The proper venue to bring a [section] 2241 challenge is the district of confinement." (citing *Santulli v. United States*, 02-CV-8664, 2003 WL 21488084, at *2 (S.D.N.Y. June 25, 2003))). However, petitioner's claim for injunctive relief against FCI Ray Brook (via its warden) became moot when petitioner was no longer an inmate at that facility. *See Hill v. Zenk*, 115 F. App'x 97 (2d Cir. 2004) ("Because [the petitioner] brought his action for relief against the warden of a facility in which he concedes he is no longer incarcerated, his petition for relief is moot." (citing *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996)).

    Neither of the parties have moved or briefed the court on this issue, and the court's survey of relevant caselaw suggests that district courts within the Second Circuit have differed with respect to whether, and in what way, a petitioner's post-petition

---

² See *Aigbekaen v. Warden*, No. 3:21-CV-1672, 2022 WL 3347092, at *3 (D. Conn. Aug. 12, 2022) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.")).

4

transfer affects a court's authority over such petition. *Compare Beagle v. Easter*, 3:20-CV-01894, 2021 WL 1026885, at *3 (D. Conn. Mar. 17, 2021) (recognizing that prison wardens cannot control conditions of confinement at facilities which they do not manage); *Braxton v. Tellez*, No. 20-CV-6352, 2021 WL 1648023, at *2 (E.D.N.Y. Apr. 27, 2021) (finding petitioner's claims for injunctive relief concerning the conditions of his confinement at the Metropolitan Detention Center to be moot due to his transfer to another facility after filing his Section 2241 petition), *affirmed on reconsideration*, 2021 WL 6335105 (E.D.N.Y. July 18, 2021), *vacated in part*,[3] No. 22-24, 2023 WL 3443360 (2d Cir. May 9, 2023); *Anderson v. Williams*, No. 3:15-CV-1364, 2018 WL 4623022, at *2 (D. Conn. Sept. 26, 2018) (concluding that the petitioner's post-petition transfer to an out-of-district facility "result[ed] in the mooting of any other claims based on conditions at [the transferor] facility."); *Aigbekaen v. Warden*, 2022 WL 3347092, at *3 (Noting, under similar circumstances, that a petition seeking "such injunctive relief (i.e., an order for the Warden of FCI Danbury to take, or refrain from taking, particular action), if granted, would no longer be of any use to Mr. Aigbekaen, since he is currently incarcerated in [FCI Loretto]."); *with Mason v. Alatary,* No. 9:23-CV-0193 (GLS), 2023 WL 2965619, at *3 (N.D.N.Y. Apr. 17, 2023) (finding the court properly retained jurisdiction over Section 2241 petition despite inmate's post-petition transfer to

---

[3] After reconsideration at the district level, the petitioner moved to vacate the portion of the district court's order that declined his request to construe his petition as raising claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Braxton v. Tellez*, No. 22-24, 2023 WL 3443360, at *1 (2d Cir. May 9, 2023). The Second Circuit granted the petitioner's unopposed motion, and remanded the matter to the district court with instructions to "consider whether Appellant's § 2241 petition pleads facts that would entitle him to relief under *Bivens* or to direct Appellant to file an amended pleading that raises his *Bivens* claims directly." *Id.* (citation omitted).

5

a facility outside of the district); *Golding v. Sessions*, No. 18-CV-3036, 2018 WL 6444400, at *3 (S.D.N.Y. Dec. 6, 2018) ("Once a petition is filed, the government's decision to transfer a detainee has no effect on jurisdiction, which is retained by the district court that had jurisdiction over the proper respondent at the time of filing."); *Tribble v. Killian*, 632 F. Supp. 2d 358, 361 and n.4 (S.D.N.Y. 2009) (in a petition challenging lost time credits, quoting the *Endo* exception,[4] in part, for the proposition that the court with jurisdiction at the time of filing retains jurisdiction regardless of the petitioner's subsequent relocation).

Notwithstanding the unsettled law in this area, the overwhelming majority of courts faced with Section 2241 petitions specifically challenging conditions of confinement, as opposed to sentence calculations or detainers, concur that a post-petition transfer moots the inmate's request for injunctive habeas relief. It is clear in this case that the injunctive relief sought by petitioner -- an order from the Warden of FCI Ray Brook to transfer him to a lower-security facility where he can receive appropriate medical attention -- would no longer be of any use to him. Moreover, the absence of any traverse or follow-up communication from petitioner suggests that he has obtained the injunctive relief he sought via his post-petition transfer to FCI Loretto.[5]

---

[4] "[*Ex parte Endo*, 323 U.S.283, 306-07 (1944)] stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

[5] FCI Loretto is a "low security federal correctional institute," *see* https://www.bop.gov/locations/institutions/lor/, while FCI Ray Brook is a "medium security" facility, *see* https://www.bop.gov/locations/institutions/rbk/.

Thus, putting aside the issue raised in *Endo*, i.e. whether "there is a respondent within reach of [this court's] process who has custody of the petitioner[,]" 323 U.S. at 306, it is clear that, at a minimum, petitioner's transfer has rendered moot his underlying request for injunctive relief. Accordingly, the petition should be dismissed for lack of subject matter jurisdiction.

In light of my recommendation to deny petitioner's Section 2241 claims for injunctive relief as moot, Second Circuit jurisprudence would direct the court to allow pro se petitioner an opportunity to amend his pleading to raise any *Bivens*[6] claims directly, before outright dismissing this action. *See Braxton v. Tellez,* No. 22-24, 2023 WL 3443360, at *1 (citing *Thompson v. Choinski*, 525 F.3d 205, 209–10 (2d Cir. 2008) ("A pleading by a pro se litigant must be construed liberally. If a pro se litigant pleads facts that would entitle him to relief, that petition should not be dismissed because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks. Thus, even if the district court is correct that [the petitioner] should have styled some of his claims as a civil rights action, if the facts alleged entitled him to relief the court should have treated the claims as properly pleaded, or at least given the petitioner leave to file an amended pleading identifying the proper source of law without dismissing the action." (citations omitted)).

Here, however, in seeking dismissal of the petition on exhaustion grounds, respondent has made an arguably strong showing that petitioner may not have

---

[6] To the extent petitioner argues that he was injured by respondent's past actions, his avenue for relief, if any, would lie in a separate damages suit brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the judicially created, limited parallel to section 1983 claims against federal officers.

7

exhausted his administrative remedies concerning the medical care he received at FCI Ray Brook prior to commencing the instant action, at least in the context of a Section 2241 petition. Nevertheless, in light of petitioner's pro se status, and the limited context in which respondent's exhaustion argument was raised,[7] this court recommends that petitioner be afforded an opportunity to amend his complaint to raise his *Bivens* claims, if any, directly. In so recommending, this court does not conclude whether petitioner has, or can, plead plausible *Bivens* claims concerning his medical care and/or conditions of confinement at FCI Ray Brook. Furthermore, petitioner should be on notice that if he cannot establish that he adequately exhausted his administrative remedies concerning these issues, any amended pleading raising such claims would ultimately be subject to dismissal.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the Section 2241 habeas corpus petition (Dkt. No. 1) be **DENIED;** and it is further

**RECOMMENDED,** that if the district court adopts this report-recommendation, plaintiff be given forty-five (45) days to amend his pleading to state possible claims for damages arising from the conditions of confinement/medical care at FCI Ray Brook pursuant to *Bivens*, and that plaintiff be advised that any amended pleading must be a

---

[7] If petitioner files an amended pleading, and if this matter comes back before this court on the issue of petitioner's exhaustion of his administrative remedies, the respondent/defendants should take care to submit **all** of the relevant documents supporting their position. In particular, a dispositive motion for failure to exhaust in this case should include the June 7, 2022 rejection notice from the Regional Director, in which, the respondent's affiant purports, the BOP directed petitioner to resubmit his grievance with a copy of his institutional request. Moreover, the respondent/defendant should address the issue of the Warden's untimely response to petitioner's institutional request, and how, if at all, that affected petitioner's ability to appeal to Regional Director, and ultimately the Central Office.

**COMPLETE PLEADING, WHICH WILL SUPERSEDE THE ORIGINAL**, and that plaintiff must include all relevant facts and causes of action in the amended pleading.  No facts or claims from the Section 2241 petition may be incorporated by reference, and it is

**RECOMMENDED**, that if the District Court adopts this recommendation, and plaintiff does not elect to amend his pleading within the imposed deadline, this case be dismissed in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated:  December 4, 2023

                                                  Andrew T. Baxter
                                                  U.S. Magistrate Judge